Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer on May 10, 1995, the date of the injury giving rise to this claim.
3. The parties stipulated into evidence the following documents: plaintiff's medical records from the Greensboro Orthopaedic Center, an Employee Occurrence Report and Health Records, plaintiff's recorded statement of August 29, 1996, Industrial Commission Form 22, and other forms.
*********
Based upon the competent evidence of record herein, the Full Commission adopts the Findings of Fact of the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff was first employed by defendant-employer on September 28, 1989, as an assistant teacher at the Children's Corner. The Children's Corner is a daycare center operated by defendant-employer for children of the hospital's employees.
2. One of the plaintiff's responsibilities as an assistant at the Children's Corner was to change the diapers of some of the children. These assigned duties required plaintiff to lift children onto changing tables on a regular basis.
3. Plaintiff injured her right elbow on May 10, 1995, as she was lifting a baby onto the changing table in the young infant room at the Children's Corner. Plaintiff testified that as she was lifting the baby, she forgot that she was in the young infant room, where the changing table is forty-one inches, believing instead that she was in the toddler room where the changing table is 38 inches high. Plaintiff testified that as she was raising the child to the changing table, she felt pain in her right elbow. The Full Commission adopts the Deputy Commissioner's finding that plaintiff's testimony is credible.
4. Plaintiff had worked in the young infant room off and on for approximately four years, had changed babies' diapers in the young infant room, and had lifted babies onto the changing table in the young infant room on many occasions prior to May 10, 1995. Plaintiff had also lifted babies of approximately the same weight as the baby she lifted on May 10, 1995.
5. On May 10, 1995, plaintiff was performing her usual job in the usual way when she sustained the injury to her right elbow.
*********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
The terms "injury" and "accident" are not synonymous. An accident as defined by the North Carolina Workers' Compensation Act must be a separate event preceding and causing the injury. When plaintiff experienced pain in her elbow, she was performing her assigned job duties in the usual and customary manner. Plaintiff has not sustained an injury by accident as defined by the North Carolina Workers' Compensation Act, and is therefore not entitled to workers' compensation benefits. N.C. Gen. Stat. § 97-2(6).
*********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Plaintiff's claim under the law must be and is hereby DENIED.
2. Each side shall pay its own costs.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________ LAURA K. MAVRETIC COMMISSIONER